The next case on our calendar this morning is number 19-1241, Utica Mutual Insurance v. Munich Reinsurance. Do we have counsel? Yes, good morning. Sid Ahmed for Appellant Utica. Good morning. I see you've reserved two minutes for rebuttal. You may proceed. Thank you. Your honors, may it please the court. This appeal concerns three errors by the district court. I'm going to focus first on the incurred provision in the reinsurance agreement. That argument involves a straightforward contract interpretation issue, and it's governed by well-established principles most recently affirmed by the New York Court of Appeals in Global v. Century. In particular, that court said reinsurance agreements are interpreted based on the same principles that govern contracts generally, and courts should avoid adopting blanket rules based on policy concerns and instead should look to the language of the specific contract above all else. The district court failed to properly apply those principles. In particular, this case deals with when Munich has an obligation to reimburse Utica's expenses, and there are two paragraphs in the Munich Certificate that deal with that issue. Paragraph four provides that Utica has the obligation to investigate and defend claims that affect the reinsurance, and paragraph three states that Munich has to reimburse Utica for expenses incurred in the investigation, adjustment, and litigation of claims, but it excludes certain office expenses and salaries. The district court erred when it held that Munich was required to reimburse expenses only if Utica was legally obligated to pay those expenses under the reinsured rules policy. The certificate that Munich drafted contains no such requirement. In fact, the only place where Munich specified that requirement relates to the obligation to pay loss. That's in paragraph one. The provisions about expense, on the other hand, are in paragraphs three and four, and the only requirement for expense is that Utica incur the expense that was sought from Munich. What if Utica incurred an expense in your view, but did not pay that expense under the terms of the 73 facultative certificate? Well, the district court's decision wasn't based on that. The only requirement under the certificate is that Utica incur the expense, and paragraph four specifies Utica has to defend claims affecting this reinsurance. I think what your honor's question is getting at was was Utica required to incur and pay the expense under the policy that's being reinsured, and the answer there is that's because there are two places in the certificate where Munich placed that limitation. The first one is in paragraph one that relates to loss. The second one is in paragraph eight, which relates to claims involving liquidators. In both paragraph one and paragraph eight, Munich says it's going to pay based on Utica's liability under the reinsured policy. Tellingly, that from paragraph three, so I think the answer to your question is even in that hypothetical, Munich would be obligated to pay as long as Utica is incurring the defense cost to resolve claims affecting this reinsurance. Is my question hypothetical? Because it appears that you're under the terms of the of the facultative certificate. I don't, respectfully, your honor, I don't believe that's true. We had testimony in the Munich case, and this comes up more so in the centuries matter, which we'll address. Utica always paid and allocated these settlements and the defense cost based on the policy terms. Utica's books and records show that number one, it paid these amounts, and it shows what policies they allocated these payments to. The reinsurance bills were generated based on that allocation, so we don't believe there's a dispute as to whether Utica, in fact, allocated and paid under the 1973 policy. We had evidence establishing that it did, and again, the district judge, the district court, in this case, did not rule based on a contrary finding. It ruled against Utica based on what we think is an erroneous interpretation of the incurred provision, and in particular... As I understand it, the payments that your client made pursuant to the 2007 settlement agreement with Utica was that the defense would be paid within limits under the umbrella policy that is re-insured by the facultative certificate. That's not entirely correct, your honor, and the reason is because the settlement... I'm sorry? This is confusing, and you've spent more time on this than I have, so I'd be happy to have your answer. Sure, I thought you said something after I started speaking. No, no. Sure, let me address that. So the settlement agreement deals with payments that were made from January 1, 2006 through the conclusion of the settlement in 2016. Outside of that period, before the settlement went into effect and after, Utica made tens of millions of dollars in payments that it in fact paid, and in this case in particular, we showed through uncontradicted evidence that even if you were to follow the allocation that was in the settlement agreement and ignore all of the other in that scenario, Munich's obligation would not be reduced. So the issue, I understand, it raises some complications, but we don't believe it impacts Munich's ultimate liability even under the theory of allocation, and again, the basis for the district court's decision wasn't the finding contrary to Utica on those points which Chana has raised. It was about the threshold issue of what Utica needs to show to establish Munich's obligation to pay expense, and on that score, we think the district court got it wrong because the plain meaning of the which is the only requirement is that Utica is liable or subject to pay a particular amount. What the district judge did, what the district court did was it imported the requirement from paragraph one where the liability has to be based on the policy into paragraph three, and we believe that violates well-established contract interpretation principles. I still have difficulty understanding how the obligation to pay, how incurred can mean anything other than obligation, legally obligated to pay, because I don't see a limiting principle to it. What is, I mean, this is reinsurance. There is a primary obligation that's been ceded in part to a reinsurer. Your argument suggests that there are really no boundaries to what the The limits are based on the context of the certificate. Paragraph four specifies that Utica has to defend certain claims that affect this reinsurance. What does that mean, affect this reinsurance? That sounds really like at the discretion of the primary insurer. Don't I see I'm out of time to answer that question? Please go ahead, yes. Yes, that's the language Munich drafted, Your Honor, and what it identifies are claims that may affect the reinsurance, such as Gould's asbestos claims, which may make themselves into the layer that Munich reinsures. In terms of boundaries, it would ignore Utica defending and would not cover Utica defending other claims having nothing to do with Gould's. Are you saying that, I mean, there were lots of different layers and lots of reinsurers and a Utica payment to Gould's for asbestos liabilities could be presented then to any of the or to Munich for payment as part of its reinsurance obligations? We're not saying that. The only obligation, the only part of the defense cost that we're seeking from Munich is its proportionate share. Utica spent more than $10 million in defense costs under the 73 policy. We're not asking Munich to pay the full $10 million. What we're asking Munich to pay is its proportionate share based on the formula in paragraph three. And the other limitation that the certificate includes, it's not the any expenses. What Munich specified is its expenses incurred to investigate and defend these claims. And Utica's billings are confined to those categories, which Munich specified in the contract to draft it. All right, we'll hear from your adversary. Thank you. Thank you. Good morning, Your Honor's, please the court. My name is Bruce Friedman, and I'll be presenting the argument on behalf of Munich Re. I'd like to address Utica's first argument that Munich Re's facultative certificate obligates Munich to reimburse Utica for defense costs that Utica has no obligation to pay to its insurer. At summary judgment, the district court found that language was ambiguous because of the missing words under the policy and therefore ordered a trial. Having conducted a 10 day plus trial on this and the insurance coverage issue, the court resolved the ambiguity found at the summary judgment stage in favor of Munich Re. And as the finder of fact, the district court sitting as the finder of fact had absolute discretion to make that determination based upon the one-sided extrinsic evidence that was presented at trial on this issue. The district court found that Utica had failed to meet its burden of proving that Munich had to pay defense costs to Utica that Utica did not have to pay to its insurer. In the context of a reinsurance relationship, I respectfully submit to your district court properly found Utica's interpretation to be unreasonable and because the finding was made based upon a full trial record, we submit that the standard for review for this court is clearly erroneous and not de novo. Secondly, certificates of facultative reinsurance reinsure what the policy ensures in the first instance. This is a universal truth. One cannot ascertain the coverage provided by a reinsurance certificate without making a specific reference to the policy that it reinsures. For example, how can you determine if the expense obligation of the reinsurer is to be paid in addition to or within limits unless you look to the policy to see how the policy treats expenses. The hallmark of facultative reinsurance is concurrency of coverage between the policy that the seating issues to be insured and the facultative certificate that the reinsurer issues to the scene. There is no language that Utica can point to in Munich's certificate that dispels the notion or application of concurrency in the respective coverage. I think your adversary points in paragraph three to, you know, as we've just absence of, you know, incurred under legal obligation and says that the obligation that your client undertook was to pay for these allocated loss expenses in the same ratio that the reinsurer's share of the settlement bears to the total amount of such settlement or judgment. He referred to that ratio or proportion. Why is that an incorrect interpretation of this part of the certificate? I think that the section of condition three that your honor just referred to is the precise purpose for that condition. Remember, we're talking about a condition of coverage, not a grant of coverage. The condition of coverage explains how the coverage applies. So, for example, with respect to the obligation to pay expense, condition three refers you back to condition one, because if you do not have an obligation to pay loss, then when you apply this formula, you also do not have an obligation to pay expense. And that would have to be clear as a matter of law for your adversary's view to prevail, is that right, given that there has been a trial here? Yes. Now, also, I'd like to emphasize that the appellant only refers to these conditions of coverage and completely ignores the grant of coverage expressed on the declaration page for the certificate. The certificate declaration page clearly specifies that Munich Re is agreeing to re-insure a specific portion of a specific policy that Utica had issued to Goulds. And under item A of the declaration page, it states description of coverage here under, and right next to that title is the policy that Utica issued to Goulds. It's the umbrella policy that Utica issued to Goulds. You can't look at condition three in isolation. You have to consider the context in which that phrase appears in the contract as a whole. And I submit to the court that Utica has completely disregarded the principle that it only pays lip service to, and that is to construe the contract as a whole in the context of the type of contract that you're dealing with, a contract of re-insurance. If Munich Re is compelled to make a payment to Utica that Utica has no obligation to make to its insurer under the policy, that's not re-insurance. It's insurance. Here, Utica wants Munich Re to be its reinsurer with respect to obligations that it has under its policy and its insurer with respect to obligations it doesn't have. That's just not the way re-insurance works. It would set re-insurance completely on its head. And Utica's not confined to the certificate that Munich issued to Utica. Utica is making the same argument against Century and multiple other re-insurers who issued facultative re-insurance to Utica in respect of Goulds. The Munich certificate is not unique. Unfortunately, re-insurers and insurers alike are not that clever in that they have complete independence from one another. They copy each other's forms. And in this respect, as this court well knows, the pre-printed conditions on the back of Munich's certificate are there prior to the time that the insurance policy is presented to Munich Re for re-insurance. This is a one-size-fits-all certificate. And it tries to contemplate any possible situation that may arise in connection with the coverage provided by the policy that ultimately becomes the subject of this facultative re-insurance. I'd like to move on to the second ground. Could you address whether the 2000 settlement affects Munich Re's obligations here? Yes. Utica's settlement only required to pay expenses within policy limits under the 1973 umbrella. And that's all that Utica paid to Goulds under the 1973 umbrella. So the way in which we're asking this court to look at this is, I don't think that it's a relevant consideration in terms of coverage. However, if this court were to reverse the district court's finding and find that the certificate somehow is unambiguous, that Munich has to pay defense costs that Utica doesn't have to pay, then it would be relevant for the district court to make the determination that Munich Re still has no liability to Utica because Utica never paid the additional amounts of expenses under the 1973 umbrella that it is asking Munich to reimburse it for. And I think that there was ample evidence before the district court who actually struggled very much with the fact that Utica was asking Munich to pay defense costs in addition to limits, whereas it only had the obligation to pay defense costs within limits to its insurer. So the district court actually asked Utica, what settlement are you asking Munich Re to follow? And Utica had no answer. Thank you. So I'd like to address coverage under the umbrella policy if I could. My sense is that the district court could well have granted summary judgment to Munich Re without the trial, but the court had certain reservations at summary judgment stage and decided that it was necessary for a trial to be conducted and for extrinsic evidence to be taken on the issue of whether or not the defense obligation existed under Utica's umbrella policy in the event of exhaustion of underlying insurance limits. And having familiarized itself with the customs practices, usages, and terminology in the insurance industry and based on a full trial record, the district court found that the relevant language in the umbrella policy was unambiguous because it could only have one meaning when viewed objectively by a reasonably intelligent person who has examined the context of the entire agreement. We submit that having conducted a full bench trial and having taken substantial evidence on the meaning of this provision, again, the appropriate standard for reviews. Let me just ask, though, if I find it difficult to conceive that the text of the contract was unambiguous if it required a trial for the district court to conclude that. Can you help me understand why that makes the text unambiguous? I don't think that the finding of ambiguity was limited to the contract itself. I think that the court was influenced by the extrinsic evidence that was taken. And I don't think that there's anything in the decision that suggests that the court's finding of unambiguous was limited to the four corners of the contract. And for that reason, I believe that it's appropriate for this court to review this based upon a clearly erroneous standard as opposed to a de novo review, although I submit that that issue is academic because I believe that the finding of unambiguity could be supported based upon a reading of the contract within the four corners of the policy. The reason that it would have been impossible for the district court to conclude that the defense provision is unambiguous in favor of Utica is because Utica failed to use the word exhaustion or make any reference to underlying insurance limits when it described how the trigger the indemnity obligation under the umbrella policy, it referred to both the exhaustion of underlying limits and the situation where the underlying policy never applied. So because Utica geared the defense obligation to only one of the two circumstances under which an umbrella policy can be triggered and geared the indemnity obligation to both instances in which an umbrella policy can be triggered. And when I talk about those instances, the excess coverage of the umbrella and the gap-filling nature of the umbrella coverage. Utica's, if you read the defense provision, you'll see that it is introduced by the following words with respect to occurrences that are not covered by underlying policies of insurance. That phrase is completely superfluous if the defense obligation applies in any circumstance, i.e. exhaustion of underlying coverage or where the underlying policy never applied in the first instance. Thank you, Mr. Friedman. Your time has expired. I know this is short time to discuss a very complicated matter, but we do have your papers. We will hear rebuttal. Mr. Armand? Your Honor, in response to Munich's position that these are universal truths, one-size-fits-all approach, the global versus century case in the New York Court of Appeals made crystal clear what governs aren't those so-called universal rules, but the specific contract terms. And when you look at the specific contract terms, if what Munich is saying is that the only way Munich can ever be held to account for certain payments is if Utica had an obligation to pay them under the reinsured policy, then why is it that in paragraph one, which talks about loss and damages only, why is it that in that paragraph Munich had the need to say they're going to cover loss and damages only if Utica was legally obligated to pay those losses or damages? If that truth is so universal, why have that language in paragraph one? Because it renders, Munich's interpretation renders it superfluous, and the court is aware we should avoid interpretations that do that for negotiated terms. Likewise, in paragraph eight, which deals with liquidators, admittedly, this case doesn't involve a liquidator, but it illustrates the same problem with Munich's argument, that Munich in paragraph eight says we're only going to be the only way this reinsurance can work is a function of Utica's liability. Why is that specified in paragraph eight? Wouldn't that also be a universal truth that should be read in? And then finally, given that Munich has specified in paragraphs one and eight, that its obligation is a function of Utica's responsibility under the reinsured policy, why is that language missing from paragraph three? Munich has no answer for that, and the district judge also did not address that dichotomy. And finally, with respect to the idea that reinsurance can only work in this way, would point to the only other case which has addressed this language before the district court below, and that's the employers versus American re-decision, Munich's predecessor, and it agreed with Utica's interpretation and found that Munich was obligated to pay expenses, DJ expenses, even though everyone agrees those expenses aren't covered by the policy. I see that my time's up, so unless there are any other questions, I'll stop here. Thank you very much. We have here briefs, and we will reserve